## Frank BROWN v. STATE.
### No. 17760.

Court of Criminal Appeals of Texas.
Nov. 13, 1935.

Rehearing Denied Dec. 18, 1935.

M. E. Lawrence, of Eastland, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the theft of an automobile; punishment assessed at confinement in the penitentiary for two years.

The indictment appears regular and regularly presented. The record is before this court without statement of facts and bills of exception. No error having been perceived or pointed out, the judgment is affirmed.

On Motion for Rehearing

LATTIMORE, Judge.

Appellant files a motion for rehearing in which he sets up that he had employed an attorney, and had paid said attorney a reasonable fee to represent him in the appeal of this case, and that a part of said attorney's duties was to have prepared and filed a statement of facts. No affidavits are filed. We regret that we can not give ap-

## W. M. (Pie) BAILEY v. STATE.
### No. 17982.

Court of Criminal Appeals of Texas.
Dec. 4, 1935.

pellants relief upon such showing. We can not grant to one seeking such relief the right to have statement of facts prepared and filed after the expiration of ninety days from the date of the giving of notice of appeal, save and except there be some situation appearing where there can be no negligence imputed, and it is further shown that the failure to have such statement of facts was the result of some erroneous action on the part of some person in authority whereby the accused is deprived of same without fault on his part, or negligence on the part of those representing him. While feeling sorry for one who thinks he has been wronged by being deprived of a statement of facts, we can not grant him a reversal of his case in order that he might try to get same, when the time for such filing has expired.

The motion for rehearing is overruled.